**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES RAYMOND ACRES, | No. 17-15502 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05391-WHO |
| v. | |
| BLUE LAKE RANCHERIA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted June 26, 2017**

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

James Raymond Acres appeals pro se from the district court's order

dismissing his action for failure to exhaust tribal court remedies.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Slep-Tone Entm't Corp.*

*v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1248 (9th Cir.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2017) (motion to dismiss); *Boozer v. Wilder*, 381 F.3d 931, 934 (9th Cir. 2004) (exhaustion of tribal court remedies).  We affirm.

The district court properly dismissed Acres's action because Acres did not exhaust tribal court remedies and failed to demonstrate that exhaustion was excused.  *See Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1200-01 (9th Cir. 2013) (a federal court may not make a ruling on tribal court jurisdiction until tribal court remedies are exhausted and "a tribal court . . . must have acted in bad faith for exhaustion to be excused").

We do not consider arguments and allegations raised for the first time on appeal or in the reply brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Acres's motion to take judicial notice (Docket Entry No. 21) is denied.

**AFFIRMED.**